1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

         Plaintiff,

    vs.

JOHN THORNES,


         Defendant,

CHRISTOPHER BURNELL; KYLE
LARICK; and DOREEN THORNES,

     Relief Defendants.

Case No. 5:14-cv-01598-RGK-SP

**FINAL JUDGMENT AS TO RELIEF
DEFENDANT CHRISTOPHER
BURNELL**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Christopher Burnell ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is jointly and severally liable with Defendant John Thornes for disgorgement of $3,071,112.90, representing profits gained as a result of the conduct alleged in the Complaint.  Relief Defendant shall satisfy this obligation by paying $3,071,112.90 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.  Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Christopher Burnell as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making

payment, Relief Defendant relinquishes all legal and equitable right, title, and interest

in such funds and no part of the funds shall be returned to Relief Defendant.  The

Commission shall hold the funds (collectively, the "Fund") and may propose a plan to

distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction

over the administration of any distribution of the Fund.  If the Commission staff

determines that the Fund will not be distributed, the Commission shall send the funds

paid pursuant to this Final Judgment to the United States Treasury.  To the extent that

Relief Defendant makes payment to the current Trustee of the Harbison Trust in full

or partial satisfaction of the Judgment entered against him on or about September 6,

2013, in *Doreen Thornes, Trustee of Harbison Scholarship Trust v. Christopher

Burnell, et al.*, Case No.: CIV DS1304359 (Superior Court, San Bernardino County),

such payment will be deemed partial satisfaction of this Final Judgment in the

amount of such payment, provided that Relief Defendant transmits photocopies of

evidence of payment and case identifying information to the Commission's counsel

in this action within seven days of making such payment.  The Commission may

enforce the Court's judgment for disgorgement and prejudgment interest by moving

for civil contempt (and/or through other collection procedures authorized by law) at

any time after 14 days following entry of this Final Judgment.  Relief Defendant shall

pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth

herein, and that Relief Defendant shall comply with all of the undertakings and

agreements set forth therein.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for

purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code,

2

11 U.S.C. § 523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: July 17, 2015

_____

HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE